Judgment rendered September 25, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 52,906-WCA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

JAMES WALTER                                            Plaintiff-Appellant

versus

PCP INTERNATIONAL, INC., AND                     Defendants-Appellees
AMTRUST NORTH AMERICA

* * * * *

Appealed from the
Office of Workers' Compensation, District 1-E
Parish of Ouachita, Louisiana
Trial Court No. 18-03410

Brenza Irving Jones
Workers' Compensation Judge

* * * * *

STREET & STREET                                   Counsel for Appellant
By: C. Daniel Street

TAYLOR, WELLONS, POLITZ,                          Counsel for Appellees
& DUHE, APLC
By: B. Scott Cowart
    Heidel A. Schneider

* * * * *

Before MOORE, STEPHENS, and THOMPSON, JJ.

**STEPHENS, J.**

Plaintiff, James Walter, appeals from a judgment by the workers' compensation judge, denying his motion to enforce a judgment against defendants, PCP International, Inc., and its insurer, Amtrust North America. For the following reasons, we vacate the judgment of the workers' compensation judge and remand the matter for further proceedings in accordance with this opinion.

**FACTS AND PROCEDURAL HISTORY**

This workers' compensation lawsuit stems from the injury of James Walter sustained on February 18, 2016, while working at PCP International, Inc. ("PCP"), in West Monroe, Louisiana. Walter was paid workers' compensation indemnity and medical benefits until May 8, 2018, when the payments were terminated by PCP due to Walter's failure to attend a medical appointment. In response to the termination of benefits, Walter filed a disputed claim for compensation and a motion to lift the suspension of benefits, seeking indemnity to be reinstated. Following a hearing, the workers' compensation judge ("WCJ") granted Walter's motion and reinstated benefits retroactive to the date of termination, and awarded Walter a penalty in the amount of $1,000 and $1,500 in attorney fees. Judgment to that effect was signed on August 8 (the "August Judgment"), and notice of signing of interlocutory judgment was subsequently issued by the Office of Workers' Compensation.

On September 28, the parties participated in a mediation to address the only remaining issue in the case at that time—determination of Walter's average weekly wage. The mediation resulted in a written agreement ("the Agreement") signed by Walter, his counsel, and counsel for PCP and its

insurer, Amtrust North America ("Amtrust"). In the Agreement, Walter's average weekly wage was set and PCP agreed to pay the previously ordered indemnity benefits, penalty, and attorney fees, as well as interest. The Agreement further provided the parties would file a motion to dismiss Walter's disputed claim for compensation upon receipt of the payment of the prior judgment. However, PCP failed to reinstate benefits or pay the amount awarded in the August Judgment.

Walter subsequently filed a motion for enforcement of judgment seeking to have PCP pay the previous judgment along with the additional 24% penalty and attorney fees that workers' compensation law provides when final judgments are not paid within 30 days of becoming due. A hearing on Walter's motion was held, after which the WCJ denied the motion, finding the August Judgment was interlocutory and neither it nor the Agreement was a final nonappealable judgment. Judgment denying Walter's motion for enforcement of judgment was signed on December 27 (the "December Judgment"). On that same date, the WCJ executed an additional written judgment that reflected the terms of both the August Judgment and the Agreement. This judgment was thereafter deemed a final judgment per notice of signing of final judgment issued by the Office of Workers' Compensation. The back-due benefits owed to Walter have since been paid, and benefits have been reinstated. However, Walter seeks the additional 24% penalty and attorney fees and has timely appealed the WCJ's December Judgment denying his motion for enforcement of judgment.

## DISCUSSION

On appeal Walter asserts in a single, multipart assignment of error that the WCJ erred: (1) in ruling the August Judgment was interlocutory; (2) in ruling the mediation agreement does not constitute a judgment within the meaning of La. R.S. 23:1201(G); and, (3) in refusing to award the statutory penalty of 24% of the amount of the judgment plus attorney fees for PCP's failure to pay.

### Legal Principles

Awards of penalties and attorney fees in workers' compensation cases are essentially penal in nature and are imposed to deter indifference and undesirable conduct by employers and their insurers toward injured workers. While the benefits conferred by the Workers' Compensation Act are to be liberally construed, penal statutes are to be strictly construed. Louisiana R.S. 23:1201(G) is a penal statute which must be strictly construed. *Trahan v. Coca Cola Bottling Co.,* 2004-0100 (La. 3/2/05), 894 So. 2d 1096.

Louisiana R.S. 23:1201(G) provides for penalties and attorney fees as follows:

> G. If any award payable under the terms of a final, non-appealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.

3

Louisiana C.C.P. art. 1841 provides:

A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. A judgment that determines the merits in whole or in part is a final judgment.

A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. La. C.C. art. 3071. A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings. La. C.C. art. 3072. There are two essential elements of a compromise: (1) mutual intention of preventing or putting an end to the litigation, and (2) reciprocal concessions of the parties to adjust their differences. *Trahan*, *supra*. A compromise agreement, like other contracts, is the law between the parties and must be interpreted according to the parties' true intent. *Suire v. Lafayette City-Parish Consol. Gov't*, 2004-1459 (La. 4/12/05), 907 So. 2d 37; *McCartney v. McCartney*, 52,209 (La. App. 2 Cir. 8/15/18), 256 So. 3d 1101.

Louisiana R.S. 9:4111, part of The Louisiana Mediation Act, regulates the use of mediation to promote settlement of legal disputes and provides:

A. If, as a result of a mediation, the parties agree to settle and execute a written agreement disposing of the dispute, the agreement is enforceable as any other transaction or compromise and is governed by the provisions of Title XVII of Book III of the Civil Code, to the extent not in conflict with the provisions of this Chapter.

B. The court in its discretion may incorporate the terms of the agreement in the court's final decree disposing of the case.

4

In *Shehee v. Shehee*, 52,319 (La. App. 2 Cir. 11/14/18), 260 So. 3d 744, this court held a mediation agreement was a valid compromise where it was written and signed by the parties and their counsel, complying with the formal requirements of both La. C.C. art 3072 and R.S. 9:4111.

In *Trahan*, *supra*, the Supreme Court held the oral agreement entered into by the parties and recited onto the record was a valid, enforceable compromise pursuant to La. C.C. art. 3071, and constituted a final, nonappealable judgment for the purposes of La. R.S. 23:1201(G). The *Trahan* court further held that La. R.S. 23:1272, requiring the WCJ's approval of settlements, was applicable only to those settlements entered into under La. R.S. 23:1271, which allows for a lump sum payment or compromise settlement in exchange for the full and final discharge and release of the employer and/or his insurer from liability under the Workers' Compensation Act. Additionally, the court held the compromise constituted a confession of judgment such that the defendant was not entitled to an appeal.

An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. La. C.C.P. art. 2085. Although the term "confession" is not defined by the Code of Civil Procedure, the jurisprudence has defined it as "an admission by a party, in pleadings or in evidence, of the validity of his opponent's claim in such a way as to leave no issue to be tried." La. C.C.P. art. 2085 cmt. (c).

**Analysis**

Walter argues that due to PCP's failure to pay the amount awarded in the August 8 judgment, he is entitled to the statutory penalty of 24% of the

5

amount of judgment, plus attorney fees in accordance with La. R.S. 23:1201 (G). Specifically, Walter asserts the August 8 judgment was a final, nonappealable judgment to which La. R.S. 23:1201 (G) would apply. We disagree. The WCJ's granting of Walter's motion to lift suspension of benefits simply addressed a preliminary issue and left unresolved matters involving the merits of Walter's action, specifically, the calculation of Walter's average weekly wage. Accordingly, we find the August 8 judgment was correctly deemed an interlocutory judgment and was not a final, nonappealable judgment for purposes of La. R.S. 23:1201 (G).

Walter further asserts, however, that the Agreement was a final, nonappealable judgment. We agree. The Agreement embodied a complete resolution of the parties' issues, disposing of the dispute between them, was written and signed by the parties, and was, therefore, enforceable as any other transaction or compromise. Furthermore, the Agreement complied with all of the applicable formal requirements of a valid compromise. Notably, the compromise between the parties, as in *Trahan*, did not involve a lump sum payment or compromise settlement in exchange for full and final discharge and release of PCP and Amtrust. Therefore, the provisions of the Workers' Compensation Act found in La. R.S. 23:1271 and 23:1272, requiring the WCJ's approval of settlements, are inapplicable in this case.

We further find that, upon signing the Agreement, PCP acquiesced to the August Judgment, which thereby precluded appeal in accordance with La. C.C.P. art. 2085, and in effect made the judgment final. By agreeing to pay the indemnity benefits plus interest, penalties, and attorney fees in exchange for ending the pending litigation and signing the written agreement, PCP confessed judgment in the proceeding. PCP's consent

6

amounted to admission of the validity of the claim against it and constituted a confession of judgment such that it was not entitled to an appeal. Therefore, we conclude the Agreement, entered into and signed by the parties on September 28, 2008, constituted a final, nonappealable judgment for purposes of La. R.S. 23:1201(G). Accordingly, the award payable to Walter became due at that time, and he is entitled to have the penalties and attorney fees provided for in La. R.S. 23:1201(G) added to that award, unless PCP's failure to pay within 30 days from September 28 resulted from conditions over which it had no control.

Walter asserts the exception contained in La. R.S. 23:1201(G) does not apply here because PCP simply refused to reinstate benefits. Notably, at the hearing on Walter's motion to enforce judgment, the WCJ asked counsel for PCP why the judgment had not been paid and later characterized PCP's reply as describing "some interoffice problem." However, upon finding there had not yet been a final nonappealable judgment and Walter's motion to enforce judgment was premature, the WCJ had no cause to further consider whether PCP's nonpayment resulted from conditions over which it had no control. Therefore, we vacate the WCJ's December Judgment denying Walter's motion for enforcement of judgment and remand this matter to the WCJ for further consideration in light of this court's holding that the Agreement was a final, nonappealable judgment within the meaning of La. R.S. 23:1201(G). The WCJ shall have the discretion to accept any additional evidence it deems necessary to determine whether PCP's nonpayment resulted from conditions over which it had no control.

7

**CONCLUSION**

For the foregoing reasons, the judgment denying James Walter's motion to enforce judgment, in favor of PCP International, Inc., and Amtrust North America, is vacated, and the matter is remanded for further proceedings in accordance with this opinion. All costs of appeal are assessed to PCP International, Inc., and Amtrust North America.

**VACATED AND REMANDED WITH INSTRUCTIONS.**